IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **COMMLINK CONSTRUCTORS, INC., ET AL.** : | |
| v.   : | CIVIL NO. L-01-3150 |
| **FLIGHT SYSTEMS, INC. ET AL.,** : | |

### MEMORANDUM

On October 23, 2001, Plaintiffs Commlink Constructors, Inc. and Cable Resources, Inc. filed the instant complaint and a motion to stay two related state proceedings in the Circuit Court for Baltimore City. On November 14, 2001, Defendants Flight Systems, Inc. and Mark Malpass filed a motion to dismiss. For the reasons stated herein, Plaintiffs' Motion to Stay is DENIED and Defendants' Motion to Dismiss is GRANTED.

**Factual Background**

This dispute arises from two contracts, one between Commlink Constructors, Inc. ("Commlink") and Flight Systems, Inc. ("Flight Systems"),[1] and the other between Cable Resources, Inc. ("Cable Resources")and Flight Systems. The contract between Commlink and Flight Systems obligated Commlink to provide engineering services, including mapping, drafting, and design, for a Flight Systems' information infrastructure in Baltimore City,

---

[1] Mark Malpass is a Flight Systems' system manager named as an individual defendant. For the sake of simplicity, the Court will refer to the Defendants collectively as "Flight Systems."



Maryland.

The Complaint, filed on behalf of both Commlink and Cable Resources, alleges that Flight Systems: (i) ordered Commlink to cease work on the project when it was approximately "85% complete"; (ii) acquired the maps and accompanying field notes that Commlink had prepared; (iii) contracted with Cable Resources to complete the maps; and (iv) refused to compensate either Commlink or Cable Resources for services tendered.

**Standard of Review**

Ordinarily, a Complaint should not be dismissed for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) unless it appears beyond all doubt that the plaintiff can prove no set of facts in support of its claim which entitle it to relief. See Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Labram v. Havel, 43 F.3d 918, 920 (4th Cir. 1995). The liberal pleading requirements of Rule 8(a) demand only a "short and plain" statement of the claim. In evaluating such a claim, the Court must accept as true all well-pleaded allegations of fact and view them in the light most favorable to the plaintiff. See Jenkins v. McKeithen, 395 U.S. 411, 421-22 (1969). In essence, the legal theory articulated, or even suggested, by the non-moving party must be one that could not be the basis for a ruling in that party's favor.

**Analysis**

Plaintiffs' Complaint alleges the following counts:

Count I  - Violation of Maryland Uniform Trade Secrets Act;

Count II  - Breach of Copyright;

Count III  - Trover and Conversion; and

<u>Count IV</u> - Breach of Contract.

The Complaint asserts that federal jurisdiction is proper pursuant to 28 U.S.C. § 1331 because the Complaint alleges a count under the Copyright Act of 1976, 17 U.S.C. § 101.

Section 411 of the Copyright Act provides that "no action for infringement of the copyright in any work shall be instituted until registration of the copyright claim has been made in accordance with this title." 17 U.S.C. § 411(a) (Supp. II 1990); <u>see also</u> <u>Trandes Corp. v. Guy F. Atkinson Co.</u> 996 F.2d 655, 658 (4th Cir. 1993) (registration is a "jurisdictional prerequisite" requiring a "copyright owner to register its copyright before filing an action for copyright infringement").

Count II of the Complaint alleges that Defendants breached Plaintiffs' copyright by reproducing and using the maps produced by Plaintiffs without Plaintiffs' permission. Paragraph fourteen of the Complaint concedes, however, that Plaintiffs' copyright on the maps has not been registered with the United States Patent and Trademark Office. Plaintiffs cite <u>Data General Corp. v. Grummary Systems Support Corp.</u>, 36 F.3d 1147, 1160 (1st Cir. 1994), in support of the proposition that copyright protection begins when the protected work is created and fixed in a tangible form. <u>Data General</u> clarifies, however, that "although copyright protection attaches the day original expression is fixed in a tangible medium ... and thus an infringer may be liable for infringement from that day forward ... registration of the copyright is a prerequisite to suit under the Copyright Act." <u>Id.</u> Accordingly, because Plaintiffs' copyright has not been registered, the Court lacks jurisdiction over the copyright infringement claim.

The remaining three counts asserted by Plaintiffs sound in state law. Although there is ostensible diversity between Plaintiffs and Defendants, Plaintiffs have not asserted diversity

jurisdiction under §1332, and the complaint makes no claim as to the amount in controversy.[2] "[If a plaintiff's] federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well." United Mine Workers v. Gibbs, 383 U.S. 715, 726 (1966). Accordingly, Defendants' Motion to Dismiss is granted with regards to Plaintiffs' remaining claims.

It is so ORDERED this 2nd day of July, 2002.

_____
Benson Everett Legg
United States District Judge

---

[2] Plaintiffs have been on notice for months concerning their Complaint's jurisdictional defect under the Copyright Act. Nonetheless, they have not sought to amend their complaint to assert diversity jurisdiction.